UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GARCIA,

Plaintiff,

v.

CALIFORNIA STATE BAR,

Defendant.

No. 2:26-cv-2558 DJC AC PS

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

B. The Complaint

Plaintiff is suing the California State Bar for ADA violations, constitutional violations, and hate crimes beginning in 1990 and running through the present day. ECF No. 1 at 5. Plaintiff alleges that "[f]or 35 years the State Bar has charged me for services yet only will assist with all the criminal actions of attorneys and judges only if I pay them more money." Id. Plaintiff alleges he suffers from PTSD and trauma from the harm inflicted by at least 20 attorneys

over the last 35 years. Id. at 6. Plaintiff asks the court to criminally prosecute the defendant and to award plaintiff 500 million dollars in sanctions. Id. 2.

C. Analysis

1. Defendant Has Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Defendant, the California State Bar, is the "administrative arm" of the California Supreme Court "for the purpose of assisting in matters of admission and discipline of attorneys." In re Rose, 22 Cal.4th 430 (2000) (internal citations omitted); see also Cal. R. Ct. 9.3 ("The State Bar serves as the administrative arm of the Supreme Court for admissions matters."). The Ninth Circuit has repeatedly held that the "State Bar enjoys Eleventh Amendment protection in federal court." Kohn v. State Bar of California, 87 F.4th 1021, 1023 (9th Cir. 2023). This means that the State Bar is immune from suit in federal court, and accordingly, plaintiff's case cannot move forward.

2. Plaintiff's Complaint Seeks Unavailable Relief

Plaintiff asks the court to bring criminal charges against the State Bar on his behalf, but this relief is categorically unavailable. ECF No. 1 at 6. A citizen does not have authority to bring criminal charges, either under state or federal law. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, plaintiff cannot bring a lawsuit based on alleged violations of criminal law, and the court cannot bring criminal charges against anyone on plaintiff's behalf. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

**II. Leave to Amend is Not Appropriate**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment,

the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment. The sole defendant is immune from suit. Accordingly, dismissal should be without leave to amend because leave to amend would be futile.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because the California State Bar is immune from suit in federal court under the Eleventh Amendment. You have 21 days to object to this recommendation if you wish to do so. The District Judge will make the final decision.

## IV. Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 27, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE